IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA B. SCHULTE and BRIAN G. SCHULTE, | ) ) ) | |
| Plaintiffs, | ) ) | No. 2:06-cv-174 |
| v. | ) ) ) | Judge Thomas M. Hardiman |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**

On November 30, 2006, this Court heard oral argument on the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendant United States of America (Doc. No. 10). On December 1, 2006, the Court granted that Motion in part and denied it in part. Specifically, the Court dismissed Plaintiff Barbara Schulte's claim in Count I insofar as it was predicated on the Uniform Federal Accessibility Standards, 36 C.F.R., Part 1191, and dismissed Plaintiff Brian G. Schulte's loss of consortium claim in Count II.

The Court deferred ruling on the Motion only to the extent that the factual record was not sufficiently developed to permit it to determine whether it had jurisdiction over Barbara Schulte's claim under the Federal Tort Claims Act, which was the remainder of Count I. The crux of the factual uncertainty involved the exact location of Plaintiff Barbara Schulte's accident. To resolve this uncertainty, and pursuant to the agreement of the parties, the Court permitted the United States until December 31, 2006 to produce additional discovery to Plaintiffs, which discovery

would show whether Barbara Schulte's accident occurred on the site of the Bettis Atomic Power Laboratory (Laboratory).

Subsequently, the United States filed and served discovery germane to this issue. This discovery consisted of an affidavit of Clifford P. Nunn — chief counsel of the Pittsburgh Naval Reactor's Office, United States Department of Energy — and a partial map of the Laboratory site. The affidavit and map confirm that Barbara Schulte's accident did, indeed, occur on the Laboratory site. Mr. Nunn attested, in pertinent part, as follows: "The pedestrian walkway which was the site of Plaintiff Barbara Schulte's fall on or about February 17, 2004 and the adjoining parking area(s) are entirely within the Laboratory site and are operated and maintained by Bettis pursuant to DOE Contract No. DE-AC11-98-PN38206." This evidence, if unrebutted, would confirm that the independent contractor defense is a bar to suit against the United States on the remainder of Count I. *See Norman v. United States*, 111 F.3d 356 (3d Cir. 1997); *see also Brookins v. United States*, 722 F. Supp. 1214 (E.D. Pa. 1989). Although Plaintiffs' predecessor counsel had previously acknowledged that evidence akin to the Nunn affidavit would render their case unsustainable, Plaintiffs' replacement counsel requested additional time to respond. Accordingly, on January 12, 2007, the Court granted counsel for Plaintiffs ten additional days to prepare and file a response to that new evidence, if he so chose.

After the passage of more than one month, Plaintiffs have proffered no new evidence that contradicts or undermines the Nunn affidavit. Accordingly, it is it is hereby

2

ORDERED that Defendant's Motion to Dismiss the FTCA claim in Count I is GRANTED WITH PREJUDICE for the reasons stated on the record at the hearing. Because all of the claims of the Complaint have been dismissed with prejudice, the Clerk of Court is to mark the case CLOSED.

February 14, 2007

Thomas M. Hardiman
United States District Judge